IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:25-CR-095-Z-BR-(1) |
| KEVIN ALEXANDER HUNT, | |
| Defendant. | |

**AMENDED ORDER**

Before the Court is Defendant's unopposed Motion for Examination of Competency to Stand Trial ("Motion") (ECF No. 17) and the government's Response to Defendant's Notice of Insanity Defense ("Response"), which the Court construes as a motion for psychiatric or psychological examination. Defendant requests that the Court order a psychiatric or psychological examination of Defendant pursuant to 18 U.S.C. §§ 4241(a), 4242(a), and 4247(d) to determine:

1. Whether the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and

2. Whether the defendant, at the time of the alleged criminal conduct, suffered from a severe mental disease or defect which rendered him unable to appreciate the nature and quality of the wrongfulness of his acts.

ECF No. 17 at 1. The government also "moves that a psychiatric or psychological examination of the defendant be conducted" to determine the existence of insanity at the time of the offense. ECF No. 23. Because the Court finds reasonable cause to doubt the Defendant's mental fitness, the Motion is **GRANTED.**

**Section 4241 Examination**

18 U.S.C. Section 4241(a) provides that "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." The court must grant the motion or order a hearing on its own "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.*; *see also United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002). Section 4241(b) provides that, before the hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."

The Court **ORDERS** that Defendant be committed to the custody of the Attorney General for placement in a suitable facility closest to the Court, for a period not to exceed 30 days, unless such period is extended for good cause shown pursuant to 18 U.S.C. Section 4247(b). A psychiatric or psychological examination of Defendant shall be conducted by an examiner qualified in accordance with 18 U.S.C. Section 4247(b). The examiner shall thereafter file a report with the Court and provide copies to the attorney for the Government and the attorney for the Defendant, in accordance with 18 U.S.C. Section 4247(c). The purposes of the examination are to determine Defendant's *competence to stand trial*, pursuant to the provisions of 18 U.S.C. Section 4241. The report should include, among other things, the examiner's opinions about whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature

and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4247(c). All costs of this examination shall be paid by the Department of Justice.

The Court will convene a hearing if, after receipt of the report, it determines on its own, or if either the attorney for the Government or the attorney for the Defendant contends by written motion supported by the report and/or by other factual grounds, that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

Pending completion of the proceedings related to the psychiatric or psychological examination addressed above, the deadline for pretrial motions and trial setting contained in the most recent scheduling order have been vacated. ECF No. 21. The Court will set a new deadline for pretrial motions and a new trial setting, if necessary, after the completion of the proceedings related to the psychiatric or psychological examination.

**Section 4242 Examination**

The Court also grants Defendant's Motion seeking examination pursuant to 18 U.S.C. Section 4242(a). Section 4242(a) provides:

> Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, *upon motion of the attorney for the Government*, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4242(a) (emphasis added).

After Defendant filed a Notice of an Insanity Defense pursuant to Rule 12.2 (ECF No. 19), the Government also moved for a psychological examination to determine the existence of insanity at the time of the alleged offense. ECF No. 23. The Court has previously granted

joint motions for Section 4242 evaluations, *see, e.g.*, *United States v. Salmanzadeh*, No. 2:21-CR-066-Z-BR-(1), ECF No. 21. Because the government so moved, the Court **GRANTS** the motion pursuant to 18 U.S.C. Section 4242(a).

The Court **ORDERS** that Defendant be examined at a United States Medical Center for Federal Prisoners to determine whether or not he was legally insane at the time of the commission of the alleged offense. The examiner shall thereafter file a report with the Court and provide copies to the attorney for the Government and the attorney for the Defendant, in accordance with 18 U.S.C. § 4247(c). The report should include the examiner's opinions about whether Defendant was legally insane at the time of the offense charged. 18 U.S.C. 4247(c)(B). All costs of this examination shall be paid by the Department of Justice.

Regarding both the Section 4241 Examination and the Section 4242 Examination, the Court further **ORDERS** that Defendant's counsel and the Government may provide any and all medical reports concerning the condition of the Defendant and documentary information concerning the offense charged, to the examiner. All documentation provided to the examiner by one party shall be copied and provided to the other party.

The United States Marshal shall transport the Defendant to the designated hospital facility. Defendant's arraignment and detention hearings are postponed until the matter of Defendant's competency is resolved.

For the reasons stated above, Defendant's motion is **GRANTED**. The Court ORDERS

**SO ORDERED.**

September 30, 2025.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4