IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-095-Z |
| KEVIN ALEXANDER HUNT | |

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER**
**GOVERNING DISCLOSURE OF DISCOVERY MATERIALS**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials to protect personally identifiable information (PII); protect juvenile records associated with this investigation; protect ongoing criminal investigations; maintain the integrity of the judicial process; and to promote timely resolution of this case. Specifically, the government proposes that any discovery materials (or copies thereof) provided by the government to the defense (regardless of when such materials were produced):

(a) will not be copied, except to the extent needed as trial exhibits or as counsel's working copies;

(b) will not be shared outside of the defendant's counsel's office with any person not employed by defendant's counsel;

(c) will not be provided to, or kept by, a defendant, except that defendant's counsel may take the materials to a defendant and show them to a defendant;

(d) that defendant, defendant's counsel, and any agent thereof, be prohibited from disseminating any of these

      materials or disclosing any information contained therein to anyone other than this Court or the parties to this case; and

      (e) any attorney of record who is retained or appointed to represent the defendant or who is later relieved of representation of the defendant is bound by the terms of this Order unless excused from its terms by Court Order.

The defendant does not oppose this motion.

I.    <u>Background</u>

The defendant has been charged in a one-count indictment with Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332a(a)(2)(A) & (D). The indictment alleges that the defendant did knowingly attempt to use a weapon of mass destruction against persons and property within the United States.

The defendant remains in federal custody. The defendant is currently being evaluated to determine his competence to stand trial, pursuant to the provisions of 18 U.S.C. Section 4241. This investigation led to other individuals being investigated that communicated with the defendant in various online platforms. The investigation is ongoing, as there are other potential unindicted coconspirators.

II.    <u>Discovery is Voluminous and Contains Protected Information</u>

Discovery in this case is voluminous and fraught with personally identifying and other confidential information (PII). Agents seized numerous electronic devices, issued grand jury subpoenas, and executed numerous search warrants for electronic evidence. This evidence includes numerous juvenile records and other documents containing social security numbers, dates of birth, and other protected information. The government also possesses juvenile, witness, and potential co-conspirators' information, which contains

numerous personal identifying information. Redacting this information is overly burdensome and may not be entirely possible.

To facilitate the timely resolution of the case, the government intends to exceed its discovery obligations and make most of the discovery available, unredacted, through a secure electronic file exchange if it can be assured that the confidential and personal identifying information in this case will be adequately protected. The exchange will enable defense attorneys to access the discovery and allow them to make hard copies of the discovery if they so choose. However, to safely and timely facilitate the discovery in this case, the government seeks the proposed protective order.

III.    Authority for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause. *Id*. Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

The District Court for the Western District of Texas has stated that the use of protective orders regarding medical information is "clearly established." *United States v. Carriles*, 654 F. Supp.2d. 557, 568 (W.D. Tex. 2009) (citing *Bittaker v. Woodford*, 331

F.3d 715, 716 (9th Cir. 2003)). Protection of ongoing law enforcement investigations and investigative tactics is also a permissible basis upon which to control discovery. *United States v. Nava-Salazar*, 30 F.3d 788, 800-01 (7th Cir. 1994).

Good cause for the proposed protective order exists here. Given the confidential nature and the volume of the information that the government seeks to protect, the government's proposed protective order is the most effective and fair method available to prevent such matters from public disclosure while enabling timely and unredacted discovery in this case. Without the protective order requested, the government cannot provide electronic discovery as contemplated. Instead, all discovery will have to be limited to review at the United States Attorney's Office/FBI, or the government will have to disclose the documents containing PII only after using substantial time and resources to redact the PII, which would be overly burdensome to the government, if possible at all, in electronic files, and potentially—without knowing what the defendant's defense might be—result in discovery that is less valuable to the defense. However, granting this protective order would enable the government to produce many of the records unredacted and facilitate the timely resolution of this case.

IV.    Conclusion

The government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above. The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in these cases, including the defendant's interest in full and efficient discovery. The compelling interests of protecting personal information,

social security numbers, and other personal identifying information by preventing disclosure of this information to third parties constitutes more than adequate good cause to enter the requested protective order. The government requests that this motion be granted as to the defendant and his defense attorney(s), and that this Court enter a Protective Order limiting the disclosure of discovery materials that is consistent with the requests contained in this motion.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

/s/ Joshua Frausto
JOSHUA FRAUSTO
Assistant United States Attorney
Attorney-in-Charge
Texas State Bar No. 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas  79101-2446
Telephone:   806-324-2356
Facsimile:    806-324-2399
E-Mail: joshua.frausto@usdoj.gov

CERTIFICATE OF CONFERENCE

I certify that I conferred with C.J. McElroy, attorney for Hunt, and she is unopposed to this motion.

/s/ Joshua Frausto
JOSHUA FRAUSTO
Assistant United States Attorney