IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:25-CR-095-Z-BR-(1) |
| | § | |
| KEVIN ALEXANDER HUNT | § | |
| | § | |
| Defendant. | § | |

**ORDER SETTING SCHEDULE FOR SENTENCING**

The schedule for sentencing the defendant in this case and all necessary events and requirements prior to the defendant's sentencing are set out below.

1. The probation officer shall conduct a presentence investigation and prepare a presentence report ("PSR").

2. Counsel for the defendant shall be present at the initial interview between the defendant and the probation officer (with recent familiarity with U.S.S.G. § 3E1.1, application note 1(a)) and, **within three (3) government working days** from the date of this order, shall schedule the interview with the probation officer assigned to prepare the PSR.

3. Counsel for United States of America, **within five (5) government working days** of this order, shall deliver to the probation officer a written report setting out with specificity:

a. all information possessed by the office of the United States Attorney for the Northern District of Texas that is relevant to (i) the sentencing of the defendant or (ii) the acceptability of the plea agreement, if any, including, but not limited to:

(1) all criminal history of the defendant;

(2) all criminal conduct of the defendant (whether or not charged) occurring at any time;

(3) all statements made by the defendant (including transcripts that already have been made of recorded statements) and all other notes, memos, or other writings pertaining to any statement made by the defendant;

(4) all investigative reports pertaining to the offense of conviction and to relevant conduct; and

b. if the defendant was convicted after trial, a written summary of any evidence presented at trial not cumulative of the information provided pursuant to 3.a., above, and that is relevant to the sentencing of the defendant including especially, but not limited to, evidence that the defendant obstructed justice and evidence of relevant conduct; and

c. in any case in which restitution can be ordered under 18 U.S.C. § 3663 or 18 U.S.C. § 3663A as a result of the defendant's criminal conduct, to the extent known to the government, the full names of all identified victims of defendant's criminal conduct for which restitution can be ordered, the amount of loss subject to restitution for each identified victim, each identified victim's complete address, and each identified victim's telephone number; provided, however, that all information provided to the probation officer pursuant to this paragraph is confidential and for the exclusive use of that office and this Court.

4. If, during the presentence investigation, it is determined that Texas Juvenile Justice System ("TJJS") records are needed, the Court orders the TJJS to release these records to the Probation Officer assigned to prepare the PSR, acting in the performance of the officer's official duties pursuant to Federal Rule of Criminal Procedure 32. The specific records that are to be released include documents pertaining to the defendant's social history, court disposition records, substance abuse treatment records, psychological evaluations, other mental health treatment records, educational records, general health records, adjustment while incarcerated records, and release dates from the TJJS. All information provided to the probation officer pursuant to this paragraph is confidential and for the exclusive use of that office and this Court.

5. The probation officer and parties shall file *written* **Sentencing Materials** pursuant to the schedule and deadlines set forth in the Paragraph 5 subparts below, which must conform to the writing, reference, and citation standards set forth in **Briefing Rules** detailed in Paragraph 6:

a. **Presentence Report (PSR)** — The probation officer shall deliver the PSR — and provide copies to the Court and to the counsel for parties — **no later than June 29, 2026**.

b. **Objections to PSR** — Parties objecting to the PSR must file *written* objections — and provide copies to the Court and to the counsel for the opposing party — **no later than July 13, 2026.** Those filings must contain any objections to the PSR's determination — Part D of the PSR — that any pending state criminal or parole revocation decisions be run either consecutively or concurrently.

c. **Responses to Objections to PSR** — The parties shall file *written* responses to the opposing party's objections to the PSR — and provide copies to the Court and to the counsel for the opposing party — **no later than July 20, 2026**.

d. **Addendum** — If written objections to the PSR have been timely filed, the probation officer shall prepare an Addendum to the PSR — and provide copies to the Court and to the counsel for the opposing party — **no later than July 27, 2026**.

e. **Objections to Addendum** — Parties objecting to the Addendum must file *written* objections — and provide copies to the Court and to the counsel for the opposing

party — no later than **July 30, 2026**. Parties not objecting to the Addendum must file their written notice of no objections — **no later than July 30, 2026**.

f. **Replies to Objections to Addendum** — The parties shall file *written* replies to the opposing party's objections to the Addendum — and provide copies to the Court and to the counsel for the opposing party — **no later than August 4, 2026**.

g. **Exhibits** – The parties shall file *all* Exhibits, and provide copies to the Court and to the counsel for the opposing party — **no later than August 11, 2026**.

6. All written materials — including the **Sentencing Materials** set forth in Paragraph 5 — must conform to the following **Briefing Rules**: the written materials should adequately brief the relevant facts, legal issues, and controlling law. In most cases, the written materials should include:

a. Relevant jurisprudence from the Supreme Court of the United States, United States Court of Appeals for the Fifth Circuit, United States District Courts in Texas, and state courts, if applicable;

b. United States Sentencing Guidelines, sections, policy statements, commentary, application notes, and appendices; and

c. Relevant government memoranda, policy statements, and advisory opinions, and case-specific facts, data, or information relevant to sentencing.

The party submitting written materials may seek, upon showing good cause, a short continuance to comply with these **Briefing Rules**. Absent extraordinary circumstances, the parties will not be permitted to raise facts, issues, and arguments outside the *written* **Sentencing Materials**.

7. Each party shall deliver to the Court, the probation officer, and counsel for the parties **no later than August 11, 2026**, any other item the party wishes the Court to consider in connection with sentencing, including sentencing memoranda, character letters, and victim statements.[1] No sentencing memorandum will be longer than 25 pages in length. All character letters and victim statements written in a **foreign language** must be translated into English prior to submission to the Court. At the sentencing, the Court will hear from no more than 3 character witnesses on defendant's behalf.

8. A motion for a sentence above or below the advisory Guidelines range set forth in the PSR must be submitted in a **written form** that expressly states the facts in support and clearly indicates that the party is seeking (1) a "departure" under 18 U.S.C. § 3553(b)(1), Chapter 5, Part K of the Guidelines, (2) a "variance" outside the Guidelines pursuant to the district court's discretionary authority under 18 U.S.C. § 3553(a), or (3) both. *See United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir.2011); *United States v. Herrera-Garduno*, 519 F.3d 526, 530–31 (5th Cir.2008). Such a motion shall be filed electronically with the district court and a copy shall be delivered to the United States Probation and Pretrial Services office **no later than August 11, 2026**.[2]

---

[1] Character letters and victim statements are **not** to be filed (manually or electronically) with the clerk of Court.

[2] Motions for a sentence above or below the advisory guidelines range, whether seeking a "departure" or "variance," may be filed under seal electronically pursuant to Local Criminal Rule 55.3.

9. Any party served with a motion for a sentence above or below the advisory guidelines range – whether identified as a departure, variance, or sentencing memorandum – shall electronically file a **written response** with the district court **no later than August 18, 2026**.

10. The sentencing hearing is set for **September 1, 2026 at 10:00 am in Amarillo, Texas, 1st Floor Courtroom.**

11. The parties must be prepared at the sentencing hearing to present evidence, arguments, and legal authorities related to any factual or legal issues that are raised by the PSR or any addendum thereto or any objection to either.

12. All motions and responses to motions any party wishes the Court to consider in connection with any sentencing matter shall be filed with the clerk of Court. If a party desires the sealing of any such motion or response, the heading of the instrument must state that the document is being filed "under seal" and, except as set out in numbered paragraph 8, above, be accompanied by a motion to seal.

**SO ORDERED on this April 30, 2026.**

Matthew J. Kacsmaryk
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 1:23-CR-00001-Z |
| | § | |
| JAMES DOE (01) | § | |
| | § | |
| Defendant. | § | |

**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

COMES NOW, JAMES DOE, defendant, by and through his attorney of record, Jane Doe, and hereby submits these written objections to the presentence investigation report (PSR) dated January 3, 1994, as prepared by U.S. Probation Officer, Don Smith, and shows as follows:

OBJECTION NO. 1:

Defendant objects to paragraph 10 on page 3 of the PSR because . . . .

OBJECTION NO. 2:

Defendant objects to paragraph 25 on page 7 of the PSR because . . . .

WHEREFORE, Defendant respectfully submits these written objections to the presentence investigation report and requests the Court to sustain the objections and to grant such other and further relief as may be warranted.

Respectfully submitted,

Jane Doe
State Bar No. 00000000
FIRM NAME
ADDRESS
TELEPHONE NUMBER
Attorney for John Doe

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendant's Written Objections to Presentence Investigation Report have been served upon the Assistant U.S. Attorney and the U.S. Probation Officer on this the _____ day of __________, 2019.

_________________________________
Jane Doe

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 1:23-CR-0001-Z |
| | § | |
| JAMES DOE (01) | § | |
| | § | |
| Defendant. | § | |

**GOVERNMENT'S NOTICE OF NO OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The United States of America files notice that it has no objections to the Presentence Investigation Report as currently written.

Respectfully submitted,

John Doe
State Bar No. 00000000
FIRM NAME
ADDRESS
TELEPHONE NUMBER
Attorney for John Doe

**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. 1:23-CR-0001-Z |
| | § | |
| JAMES DOE (1) | § | |
| | § | |
| Defendant. | § | |

**________'S RESPONSE TO ________'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

**JURISPRUDENCE**

**Supreme Court of the United States:**

Defendant objects to the PSR's finding that the federal sentence run consecutively to an anticipated state sentence that has not yet been imposed in Potter County, Texas. In *Setser v. United States*, the Supreme Court found, "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." 566 U.S. 231, 236 (2012). This Court should exercise its discretion to impose a consecutive sentence because…

**Unites States Court of Appeals for the Fifth Circuit:**

Defendant's Objection __ to paragraph __ is wrong. The Fifth Circuit has affirmed a district court's finding of $4,000 loss per car in an odometer rollback case. *United States v. Whitlow*, 979 F.2d 1008, 1012 (5th Cir. 1992) (per curiam). In *Whitlow*, the district court had noted that the National Automobile Dealers Association guide for used car values stated that "High Mileage" deductions should not reduce the value of a vehicle by more than forty percent. This resulted in a loss per car of $4,000, which the Fifth Circuit said was plausible in light of the record as a whole. *Id*. In *Whitlow*, the Government provided the probation office and district court information similar to that provided here. The analysis of the Fifth Circuit in *Whitlow* is directly applicable. As in *Whitlow*…

**United States District Court:**

Defendant argues that he did not know that he would be responsible for conduct beyond the facts set forth in the factual resume. This case is similar to *Melanson v. United States*, 2019 WL 1556471 (N.D. Tex. Apr. 10, 2019). In *Melanson*,…

**State Courts:**

…The definition of "habitation" under Tex. Penal Code § 30.01 is broader than the "generic, contemporary meaning" of "dwelling" because it includes outlying structures "appurtenant to," or "connected with," a home, such as unattached garages or even storage sheds. The Texas Court of Criminal Appeals has explicitly recognized that the Texas burglary of a habitation statute sweeps more broadly than the common-law offense of burglary of a dwelling. *See Blankenship v. State,* 780 S.W.2d 198, 207–08 (Tex. Crim. App. 1989), on reh'g (Nov. 15, 1989). …

Similarly, Texas law, under its "burglary of a habitation" statute protects structures that are not used for human habitation. See Tex. Penal Code § 30.01(1); *White v. State,* 630 S.W.2d 340, 342 (Tex. App.—Houston [1st Dist] 1982, no pet.) (mem. op) (holding that a garage connected to a house was a habitation even though it was not an enclosed or secured structure).

## UNITED STATES SENTENCING GUIDELINES

**Guideline:**

…Because the Texas definition of "habitation" includes structures that are not "dwellings" under the generic, contemporary definition of that term, burglary of a habitation under Tex. Penal Code § 30.02(a)(1) does not categorically qualify as "burglary of a dwelling" under USSG §2L1.2….

**Policy Statement:**

The presentence report is untimely. According to USSG policy statements, the probation officer must furnish and give presentence reports "to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." USSG §§6A1.1–2, p.s. Here, Defendant received the presentence report only four days before sentencing....

**Commentary designated as an application note:**

Defendant's argument regarding the average loss figure (Objections, ¶ 5) ignores the costs and losses consumers suffer. Defendant Doe would prefer to focus on his gains, which were less than consumer losses. However, the Guidelines properly acknowledge that often losses exceed gains to the criminal. "The offender's gain from committing the fraud is an alternative estimate [of loss] that *ordinarily will underestimate the loss*." USSG §2F1.1, comment. (n.8). Consider by analogy the burglar who breaks into a home through a window, steals the stereo, and fences it for $100. The homeowner loses not only the stereo and suffers the cost of replacement, but must repair

his broken window as well. Losses suffered by victims cannot fairly be measured by gains to criminals. …

**Commentary designated as background:**

**…**While XXXXX argues that the maximum *possible* loss should be used, the background commentary appears to disagree. "The Commission has determined that, ordinarily, the sentences of defendants convicted of federal offenses should reflect the nature and magnitude of the loss caused or intended by their crimes." USSG §2B1.1, comment. (backg'd.). This is no extraordinary case…

**Commentary designated as an introduction:**

… Both burglary and possession of stolen property offenses should not be counted separately for purposes of increasing the guideline range. This is further supported by the Introductory Commentary to § 3D, which states, "embezzling money from a bank and falsifying the related records, although legally distinct offenses, represent essentially the same type of wrongful conduct with the same ultimate harm, so that it would be more appropriate to treat them as a single offense for purposes of sentencing." USSG Ch.3, Pt.D, intro. comment. Therefore, because…

**Commentary designated as a conclusion:**

… Here, Defendant was convicted of four counts of burglary of a different residence. The question is whether each represents a distinct Group under §3D1.2. The Concluding Commentary helps clear up the issue. Looking to the first example listed, it is strikingly similar to the case at hand. *See* USSG Ch.3, Pt.D, concl. comment. Thus, each count should be considered a distinct group…

**Appendix to the Guidelines Manuel:**

…The Government's assertion is incorrect because §2K1.3 deals with crimes charged under 18 U.S.C. § 842(a)–(e) while here, charges were brought under 18 U.S.C. § 842(f). Accordingly, §2K1.6 of the Guidelines should be used. *See* USSG App. A.

**GOVERNMENT MEMORANDA**

**Department of Justice Memorandum:**

On January 20, 2003, United States Deputy Attorney General Larry D. Thompson issued a document entitled *Principles of Federal Prosecution of Business Organizations* (the "Thompson Memorandum"). Indeed, the language concerning cooperation and advancing of legal fees by business entities was carried forward from 1999 without change. Unlike its predecessor, however, the Thompson Memorandum is binding on all federal prosecutors. Thus, all United States

Attorneys now are obliged to consider the advancing of legal fees by business entities, except such advances as are required by law, as at least possibly indicative of an attempt to protect culpable employees and as a factor weighing in favor of indictment of the entity…

**Federal Public Defender and CJA Attorney Handbook:**

Guidelines promulgated by the United States Judicial Conference, *Guidelines for the Administration of the Criminal Justice Act*, Volume 7, Part A, *Guide to Judiciary Policy, (CJA Guidelines)* provide that the applications shall be heard *in camera* and not be revealed without the consent of the defendant. The *Guidelines* further state that such applications shall be placed under seal until the final disposition of the case in the trial court, subject to final order of the court.

**Internal Revenue Service internal policy:**

Defendant argues, however, that the IRS' internal policy, set forth in Internal Revenue Manual (IRM) pt. 4.23.12.8 (Dec. 16, 2008), precludes respondent from bringing this action. Petitioner's reliance on IRM pt. 4.23.12.8 which pertains to delinquent return procedures in the employment tax context, is misplaced. Instead, the relevant provision is IRM pt. 4.12.1.3(1) (Oct. 5, 2010), which provides that while the enforcement period is generally limited to six years, longer periods are allowed when income from illegal sources is at issue. There can be no dispute that Defendant's tax liabilities for the years at issue arise from the fruits of his illegal gambling business. Therefore, the Government is not barred from pursuing Defendant's 2004 and 2005 tax liability either by the statute of limitations or by IRS policy.